IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Donna L. Rayfield,<br><br>    Plaintiff,<br><br>vs.<br><br>Jo Anne B. Barnhart, Commissioner<br>of Social Security,<br><br>    Defendant. | Civil Action No.  8:06-133-MBS-BHH<br><br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

This case is before the Court for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).[1]

The plaintiff, Donna L. Rayfield, brought this action pursuant to Section 205(g) of the Social Security Act, as amended, (42 U.S.C. Section 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security Administration denying her claim for disability insurance benefits ("DIB") under Titles II of the Social Security Act.

**RELEVANT FACTS AND ADMINISTRATIVE PROCEEDINGS**

The plaintiff was 44 years old on the date of the Administrative Law Judge's (ALJ) decision. The plaintiff has a twelfth-grade education and past work experience as a school attendance clerk. The plaintiff alleges that she is disabled due to asthma and that her onset date of disability was October 2000.

The plaintiff filed an application for DIB on February 7, 2001 (Tr. 84-86). The plaintiff's applications were denied initially and upon reconsideration by the State Agency and the Social Security Administration. (Tr. 70-76, 79-81.) At the plaintiff's request, an

---

[1] A report and recommendation is being filed in this case, in which one or both parties declined to consent to disposition by the magistrate judge.

administrative hearing was held on November 12, 2002. (Tr. 23-69.) On January 30, 2003, an ALJ issued an unfavorable decision finding the plaintiff was not disabled. (Tr. 10-20.) The Appeals Council denied Plaintiff's request to review the ALJ's decision thereby making the ALJ's decision Commissioner's final decision of judicial review. (Tr. 4-7.) The plaintiff sought judicial review of the Commissioner's decision in a Complaint filed on March 25, 2004. On August 31, 2004, this Court remanded the case to the Social Security Administration, whereupon the Social Security Administration remanded the case to an ALJ on November 8, 2004. (Tr. 226-229.)

A supplemental hearing was held on March 24, 2005 (Tr. 285-311). The ALJ issued an unfavorable decision on July 29, 2005. (Tr. 210-220.) The Appeals Council denied the plaintiff's request for review of the hearing decision on November 18, 2005. (Tr. 206-208.) The decision of the ALJ became the final decision of the Commissioner. The plaintiff again sought judicial review of the Commissioner's decision in a Complaint filed on January 12, 2006.

In making the determination that the plaintiff was not entitled to benefits, the ALJ made the following findings:

1. The claimant met the nondisability requirements of the Act on October 24, 2000, the alleged disability onset date, and continued to meet them at least through the date of this decision.

2. The claimant has not engaged in any substantial gainful activity since the alleged disability onset date.

3. The medical evidence establishes that the claimant has asthma and hypertension, which are "severe" impairments, but she does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulation 4.

4. The claimant's allegations of total disability are inconsistent and disproportionate to the medical evidence in the record and are not fully credible, considering both medical and "other" evidence (20 CFR § 404.1529).

5. The claimant has the residual functional capacity to perform light work, with limited interaction with the public or co-workers, in an environment free from poor ventilation, dust, fumes, gases, odors, humidity, wetness, and temperature extremes (20 CFR § 404.1545).

6. The claimant is unable to perform her past relevant work as an attendant clerk, as the job is generally performed in the national economy.

7. The claimant is 44 years old, which is defined as a "younger person."

8. The claimant has a high school education.

9. If the claimant were capable of performing a full range of light work, and based on the claimant's age, education and work experience, section 404.1569 of Regulations No. 4, Rule 202.22, Table No. 2 of Appendix 2, Subpart P, Regulations No. 4, as a framework for decision making, directs a conclusion of "not disabled." Strict application of this rule is not possible as the claimant has nonexertional limitations which narrow the range of work she is capable of performing; however, she is capable of making a vocational adjustment to work that exist in significant numbers in the national economy, including a file clerk, a general office worker and a records clerk.

10. The claimant is not under a "disability," as defined in the Social Security Act and Regulations (20 CFR § 404.1520(f), and is not entitled to a period of disability and disability insurance benefits, under her current application.

## **APPLICABLE LAW**

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. §423(a). "Disability" is defined in 42 U.S.C. §423(d)(1)(A) as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months.

42 U.S.C. §423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, the Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Social Security Administration's Official Listings of Impairments found at 20 C.F.R. Part 4, Subpart P, App. 1, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing substantial gainful

employment. *See* 20 C.F.R. §404.1520. If an individual is found not disabled at any step, further inquiry is unnecessary. *See Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981).

A plaintiff is not disabled within the meaning of the Act if he can return to past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. Social Security Ruling ("SSR") 82–62. The plaintiff bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. §423(d)(5). He must make a prima facie showing of disability by showing he is unable to return to his past relevant work. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983).

Once an individual has established an inability to return to his past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy which the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. *Id.*

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. *Richardson v. Perales*, 402 U.S. 389 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Act precludes a *de novo* review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) (citing *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "supported by substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.1966). Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that her conclusion is rational. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

## DISCUSSION

The plaintiff makes only one allegation of error in regards to the ALJ's determination that she is not disabled. Specifically, the plaintiff alleges that the ALJ erred in not according her treating physician, Dr. Arun Adlakha, controlling weight.

It is true that the medical opinion of a treating physician is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. *See* 20 C.F.R. §416.927(d)(2)(2004); *Mastro v. Apfel*, 370 F.3d 171 (4th Cir. 2001). A "medical opinion," is a "judgment[ ] about the nature and severity of [the claimant's] impairment(s), including [his] symptoms, diagnosis and prognosis, what [he] can still do despite impairment(s), and [his] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). However, statements that a patient is "disabled" or "unable to work" or meets the Listing requirements or similar statements are not medical opinions. These are administrative findings reserved for the Commissioner's determination. SSR 96-2p. Furthermore, even if the plaintiff can produce conflicting evidence which might have resulted in a contrary decision, the Commissioner's findings must be affirmed if substantial evidence supported the decision. *See Blalock*, 483 F.2d at 775.

The ALJ specifically considered the opinion of Dr. Adlakha that the plaintiff was disabled. (Tr. 16.) The ALJ, however, discounted that opinion and gave specific reasons in the medical evidence for doing so. Namely, the ALJ found that the disability determination by Dr. Adlakha was not consistent with his own treatment notes or other

5

objective medical evidence. *Id.* The Court agrees with the Commissioner that the ALJ rightly identified other substantial evidence sufficient to justify a departure from the plaintiff's treating physician's opinion.

Specifically, the ALJ referenced inconsistencies in Dr. Adlakha's treatment notes. (Tr. 16.) Dr. Adlakha noted that plaintiff tolerated medications well and noted improvement in respiratory symptoms on a long term basis. (Tr. 197.) Dr. Adlakha also reported that she did well with conservative treatment and had not required emergency treatment. (Tr. 143, 196, 200.) Dr. Adlakha further noted that, overall, the plaintiff's respiratory symptoms were under good control with the exception of only mild episodic wheezing and dyspnea on exertion. (Tr. 194.) He opined that pulmonary rehabilitation would improve the plaintiff's respiratory insufficiency and improve breathing and exercise performance and tolerance. (Tr. 193.)

The ALJ also noted objected medical findings inconsistent with Dr. Adlakha's opinion: a clear chest (Tr. 200), only scattered diffuse mild wheezing or rhonchi, the absence of or only few crackles, and the absence of frank signs of lung consolidation, collapse or pleural rubs (Tr. 142, 144, 146, 148, 192, 196, 198). Dr. Adlankha's records reflect that the plaintiff had no significant coughing or wheezing (Tr. 142, 144, 146, 148, 192, 194, 196, 198, 200), no pulmonary hypertension (Tr. 142, 144, 192, 194, 196, 200), no acute respiratory distress (Tr. 142, 144, 146, 148, 194, 196, 198, 200), no high fever (Tr. 144, 200) and no pedal edema (Tr. 144, 192, 194, 196, 198). The plaintiff's room air oxygen saturation levels were measured by Dr. Adlakha to be between 96% (Tr. 148), and 99% (Tr. 146, 192, 196, 200).

Dr. Adlakha's opinion was also inconsistent with a chest x-ray revealing only mild lung haziness without acute infiltrates, congestive heart failure or pleural effusion (Tr. 144-145). The plaintiff's pulmonary function studies revealed only mild to moderate deficits (Tr. 166-167, 195-197, 276-280) and showed she responded to treatment with bronchodilator medication (Tr. 274-275). He further noted that the plaintiff's good tolerance

of medications and improvement in respiratory symptoms on a long term basis (Tr. 197); the plaintiff's doing well with conservative treatment and not requiring emergency treatment (Tr. 143, 196, 200); and good control of the plaintiff's respiratory symptoms (Tr. 194).

In addition, other physicians disagreed that she was disabled. (Tr. 184-187, 190).

The plaintiff concedes that the above evidence could be used to support the ALJ's decision but only out of context and when considered in a "strained manner." (Pl.'s Brief at 4.) The plaintiff encourages the court to take a longitudinal view of Dr. Adlakha's treatment. The Court has done so and may have come to a differing conclusion had it decided the case in the first instance. But, the Court is persuaded that the ALJ did take a longitudinal view of the evidence, as made clear in his decision, and that he simply came to a different result. Critically, there is substantial evidence for that result.

Simply because the plaintiff can produce conflicting evidence which might have resulted in a contrary interpretation of Dr. Adlakha's records is of no moment. *See Blalock*, 483 F.2d at 775. As recited, the ALJ had substantial evidence to conclude as he did and the Court will not disturb his decision.

## **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, this Court concludes that the finding of the ALJ are supported by substantial evidence and recommends that the decision of the Commissioner be affirmed.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

December 21, 2006.

Greenville, South Carolina

7